United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MKS INSTRUMENTS, INC., | |
| Plaintiff, | No. C 09-02297 JSW |
| v. | |
| NEW POWER PLASMA and DOES 1-10, inclusive, | **NOTICE OF TENTATIVE RULING AND QUESTIONS RE MOTION FOR PRELIMINARY INJUNCTION** |
| Defendants. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON JULY 31, 2009 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The Court **tentatively GRANTS** Plaintiff's motion for preliminary injunction.

The parties shall each have 15 minutes to address the following questions:

1. How does NPP distinguish the holding of *Roche Products, Inc. v. Bolar Pharmaceutical Co.*, 733 F.2d 858, 861, 863 (Fed. Cir. 1984), which establishes that experimental use conducted with a view to the adoption of the patented product violates the rights of the patentee? The Court is not persuaded by the argument that the holding in *Roche* does not refer to international sales. The Federal Circuit, which severely limited the scope of the experimental use exception, found that the experimental use during the life of the patent was still an infringing use even though the future intended commercial use would not have been until effected after the patent's expiration. How do the circumstances differ here, where the future intended commercial use would be also be outside the scope and limitations of MKS's patent?

2. What possible harm could MKS suffer that would not be compensable by money damages?

3. If NPP will in fact agree to withdraw its allegedly offending products from the United States, without completion of the current tests at Applied Materials, would the claim for potential future harm be effectively mooted or would MKS claim to have already suffered injury?

4. Should the Court grant the motion for preliminary injunction, what is the best way to effectuate the specific logistics of the injunction? What would be the appropriate bond amount? The parties should meet and confer and be prepared to submit a proposed order by no later than 12:00 noon on Friday, July 31, 2009.

5. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: July 30, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE